IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | C/A No. 2:15-4064-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| William J. Gilliam, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On September 30, 2015, Plaintiff United States of America ("the government") brought this action against Defendant William J. Gilliam ("Defendant") to reduce to judgment unpaid individual income tax liabilities for Tax Year 1993 and Tax Year 1995. The government contends that, as of September 20, 2015, Defendant owes $4,941,583.85 in tax, penalties, and interest for Tax Year 1993, and $2,534,573.11 in tax, penalties, and interest for Tax Year 1995.

This matter is before the court on Defendant's motion to compel, which motion was filed on March 17, 2016. Defendant contends that the ten-year limitations period has expired with respect to his tax liabilities for Tax Year 1993 and Tax Year 1995, and he seeks discovery to support his defense. On April 4, 2016, the government filed a motion for order limiting the extent of discovery and response in opposition to Defendant's motion to compel. Defendant filed a response in opposition to the government's motion on April 21, 2016. The court held a hearing on May 16, 2016. For the reasons set forth hereinbelow, Defendant's motion to compel is denied. The government's motion to limit discovery is granted.

I. FACTS

The underlying facts are voluminous. Briefly, in 1995 the Internal Revenue Service (IRS)

assessed income taxes against Defendant in the amount of $1,488.165.00 for Tax Year 1993. Defendant filed for relief in the United States Bankruptcy Court for the District of South Carolina on July 8, 1996. In 1997, Defendant reported a tax liability of $619,913.00 for Tax Year 1995. The IRS subsequently assessed penalties and interests in the amount of $1,208,759.20. Defendant's bankruptcy case was discharged on May 4, 1999, without full payment to the IRS.

On July 31, 2000, Defendant filed for relief in the United States Bankruptcy Court for the Northern District of California. That case was dismissed on October 24, 2000. On April 19, 2004, Defendant again filed for protection in the United States Bankruptcy Court for the Northern District of California. That case was dismissed on June 10, 2004.

Defendant submitted a letter to the IRS on December 17, 2007, challenging the IRS's intent to levy and seeking a collection due process (CDP) hearing pursuant to 26 U.S.C. § 6330 (providing for notice and opportunity for hearing before levy). On January 30, 2008, Defendant submitted to the IRS a Form 12153 in which he challenged the IRS's intent to levy and sought a hearing as to certain IRS liens pursuant to 26 U.S.C. § 6320 (providing for notice and opportunity for hearing upon filing notice of lien). The IRS denied the CDP hearing request as untimely, but granted Defendant an equivalent hearing. See 26 C.F.R. § 301.6330-1(i). A hearing was held on April 10, 2008.

On December 2, 2008, the IRS issued a decision letter in which it determined that (1) the December 17, 2007, request related to levy issues was untimely, because the IRS notice of intent to levy had been issued four years earlier; (2) the January 30, 2008, request related to both levy and lien issues; however, because the levy claims were untimely, the equivalent hearing addressed only the lien issues; and (3) the recordation of the notice of federal tax lien should be sustained. The IRS

informed Defendant that its decision letter was not appealable. See 26 C.F.R. § 301.6330-1(f) (providing for judicial review of notices of determination); 26 C.F.R. § 301.6330-1(i) (stating that a decision letter, and not a notice of determination, will be issued subsequent to an equivalent hearing).

On December 31, 2008, despite the IRS's notice to him that its decision letter was not appealable, Defendant sought review from the Tax Court. The Tax Court found that, contrary to the IRS's categorization of Defendant's December 17, 2007, request for review, the December 17, 2007, letter was "an incomplete but processable request for a CDP hearing" that was perfected on January 30, 2008. The Tax Court observed:

> Because we conclude that [Defendant] timely requested a CDP hearing, it follows that the letter respondent issued following the so-called equivalency hearing was a notice of determination within the meaning of sections 6320 and 6330.

Accordingly, on September 15, 2010, the Tax Court determined that it had jurisdiction to review the IRS decision. See ECF No. 1-1.

By order issued June 12, 2012, the Tax Court affirmed the IRS's findings as to Defendant's challenge of the filing of notices of federal tax lien against him. ECF No. 1-2. Defendant appealed the Tax Court's decision to the Ninth Circuit Court of Appeals, which dismissed the appeal on March 13, 2013, for failure to prosecute.

## II. DISCUSSION

The government assessed Defendant's income tax deficiencies for Tax Year 1993 on November 16, 1995, and for Tax Year 1995 on September 8, 1997. Title 26, United States Code, Section 6501 provides that "[w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by

a proceeding in court, but only if the levy is made or the proceeding begun . . . within 10 years after the assessment of the tax[.]"  Under 26 U.S.C. § 6503(h), the running of the limitations period is suspended during a bankruptcy proceeding "for the period during which [the government] is prohibited by reason of such case from . . . collecting and . . .6 months thereafter."  Further, if a CDP hearing is requested pursuant to 26. U.S.C. § 6320, the statute of limitations is suspended "for the period during which such hearing, and appeals therein, are pending." 26 U.S.C. § 6330(e); 26 U.S.C. § 6320(c) (providing that the suspension periods of subsection § 6330(e) apply to hearings requested under § 6320).

The parties do not dispute that Defendant's various bankruptcy filings tolled the limitations period for 910 days.  Applying only the tolling periods for Defendant's three bankruptcy filings to the original collections dates means that the limitations period expired as to Defendant's Tax Year 1993 liability on January 20, 2013, and as to Defendant's Tax Year 1995 liability on September 12, 2013, both dates in excess of two years before the filing of the within complaint.  The question becomes, then, whether the ten-year statute of limitations further was tolled during the time the IRS considered Defendant's claims pursuant to what it deemed to be an equivalent hearing.  The period between Defendant's request for a hearing on December 17, 2007, and dismissal of his appeal by the Ninth Circuit on March 13, 2013, equals 1,913 days.  Under this scenario, the limitations period would expire as to Defendant's Tax Year 1993 liability on October 20, 2015, and as to his Tax Year 1995 liability on June 11, 2016, which would make the government's complaint timely filed.

As an initial matter, the court notes that, in a related matter, the bankruptcy court ruled on this precise issue:

> The United States has provided in its pleadings filed with the Court further

4

>information that the Tax Debt is still collectable as the statute of limitations on the tax liabilities is addressed in the Final Order remain open.  As the Court previously recognized, Mr. Gilliam's income tax deficiencies for tax years 1993 and 1995 were assessed on November 16, 1995 and September 8, 1997, respectively. (Adversary 08-80017-jw, Docket No. 111 at ¶ 30.)  Although more than 10 years have elapsed since those assessments were made, the period of time to collect those liabilities under section 6502(a) of Title 26 has not yet expired. See 26 U.S.C. §§ 6502(a)(1), 6503. The Court previously determined that the limitations period to collect Mr. Gilliam's income tax liabilities for 1993 and 1995 had been tolled by his three bankruptcy filings. (Id. at 18.) The Certificate of Assessments, Payments, and Other Specified Matters for tax year 1993, which was admitted as evidence at the hearing on August 14, shows that Gilliam requested a collection due process equivalency hearing on December 18, 2007 to challenge the filing of notices of federal tax lien against him.  From that date until March 13, 2013, when the Ninth Circuit Court of Appeals dismissed Gilliam's appeal of the Tax Court's judgment for failure to prosecute, the period of time to collect Gilliam's tax liabilities for 1993 and 1995 was tolled for 1913 days.  This action extended the earliest expiring deadline to collect the unpaid Tax Debt, the deadline for the 1993 liabilities, until October 20, 2015.  26 U.S.C. §§ 6320(b)(4), 6330(3)(1).

In re: Marine Energy Systems Corp., Case No. 97-01929-jw, Order Confirming Enforcement of Judgment and Order Entered March 24, 2009, 6-7; ECF No. 1-3.

Defendant argues that the period during which he pursued his challenge before the IRS and on appeal does not suspend the limitations period because he received an equivalent hearing, which "[b]y statute . . . *does not* toll the period of limitations for collections and *does not* suspend the IRS's collection activities."  ECF No. 22-1, 3 (emphasis in original).  Defendant asserts the discovery requests that are the subject of his motion to compel could provide information showing that the IRS continued its collection efforts during the period for which it now seeks to claim the benefit of statutory tolling.  Defendant also seeks information tending to show that the IRS released certain liens (which subsequently were reinstated) because it concluded internally that the limitations period had expired for the reasons Defendant advances.  The court finds that the doctrine of judicial estoppel precludes Defendant from taking the position that he received a mere equivalent hearing.

5

In New Hampshire v. Maine, 532 U.S. 742 (2001), the United States Supreme Court explained:

> Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.
>
> Although we have not had occasion to discuss the doctrine elaborately, other courts have uniformly recognized that its purpose is to protect the integrity of the judicial system by prohibiting parties from deliberately changing positions according to the exigencies of the moment. Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion.

Id. at 749-50 (internal citations and quotation marks omitted.

In this case, regardless of the IRS's construction of Defendant's December 18, 2007, request as entitling him only to an equivalent hearing, the Tax Court found the IRS erred in so doing. According to the Tax Court, Defendant was entitled to receive a CDP hearing. Had the Tax Court not recategorized the IRS's decision letter as a notice of determination, Defendant would not have received the benefit of an appeal. Defendant did not contest the Tax Court's ruling that Defendant "submitted an incomplete but processable request for a CDP hearing on December 17, 2007, which put [the IRS], or should have put [the IRS] on notice that [Defendant] wanted a CDP hearing with respect to [the IRS's] proposed collection actions." ECF No. 1-1, 10. Neither did Defendant dispute the Tax Court's ruling that because Defendant timely requested a CDP hearing, "it follows that the letter [the IRS] issued following the so-called equivalency hearing was a notice of determination within the meaning of sections 6320 and 6330." Id. at 11. The court concludes Defendant cannot

6

now assert a statute of limitations defense in contravention to the Tax Court's findings and conclusions that benefitted Defendant by allowing him to pursue an appeal.

The court agrees with the government that the discovery requests at issue in Defendant's motion to compel are not relevant. Therefore, Defendant's motion to compel (ECF No. 19) is **denied**.

The government moves the court for an order limiting discovery to only those facts and defenses not previously litigated and decided between these parties. Defendant has litigated his claims regarding the validity of the IRS's liens in numerous forums for nearly twenty years. The court reiterates the bankruptcy judge's conclusions in a related case: Defendant is liable for the taxes at issue and the associated liens are valid and enforceable. Defendant's efforts to challenge the claims and liens of the IRS are at an end. See In re Marine Energy Systems Corp., C/A No. 2:09-1367, Order Granting the United States of America's Motion for Summary Judgment, 29 (ECF No. 6-24). The government's motion (ECF No. 20) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

June 20, 2016